UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK ANDY, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 4:14-CV-986-SPM |
| | ) |
| | ) |
| CARTONMASTER INTERNATIONAL | ) |
| (2012), INC., a/k/a SCANTECH, et al., | ) |
| | ) |
| Defendants/Counterclaim Plaintiffs. | ) |

**MEMORANDUM AND ORDER**

This case is before the Court on the Joint Motion to Strike Portions of Plaintiff's Complaint Pursuant to Rule 12(f)(2) filed by Defendants/Counterclaim Plaintiffs Cartonmaster International (2012), Inc., aka Scantech, and Allan Prittie (collectively, "Defendants"). (Doc. 12). For the reasons stated below, the motion will be denied.

**I.   BACKGROUND**

Plaintiff Mark Andy, Inc. ("Plaintiff") filed a lawsuit against Defendants alleging breach of contract, fraudulent inducement, unjust enrichment, and fraud. Defendants move to strike two portions of Plaintiff's complaint: (1) the "Introduction" section, in which Plaintiff sets out some of the facts related to its allegations in paragraph form; and (2) the section of the Prayer for Relief seeking "Pre-judgment interest on [the amount of damages determined at trial] as allowed by law."

1

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" either on its own or on a motion made by a party. Although courts enjoy "broad discretion" in determining whether to strike a party's pleadings, motions to strike are "viewed with disfavor and are infrequently granted." *Stanbury Law Firm v. Internal Revenue Serv.,* 221 F.3d 1059, 1063 (8th Cir. 2000) (internal quotation marks omitted). A motion to strike generally "should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." 5C Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1382 (3d ed.); *see also World Wide Stationary Mfg. Co., Ltd. v. U.S. Ring Binder, L.P.*, No. 4:07-CV-1947, 2009 WL 1684702, at *3 (E.D. Mo. June 16, 2009) ("There is general judicial agreement that motions to strike should be denied 'unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action.'") (quoting 5C Fed. Prac. & Proc. § 1382); *Brown v. Davis*, No. 4:12-CV-649 AGF, 2012 WL 3578730, at *2 (E.D. Mo. Aug. 20, 2012) ("[E]ven where allegations are redundant or immaterial, they should be stricken only if prejudicial to the moving party.") (quotation marks omitted).

## III. DISCUSSION

### a. Timeliness of the Motion

Plaintiff argues that Defendants' motion should be denied because it is untimely. A motion to strike a pleading may be filed "either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P.

12(f)(2). Here, Defendants' motion is technically untimely because it was filed after the answer was filed. However, because the two documents were filed on the same day, and because the Court has the power under Rule 12(f) to act "on its own" at any time, the Court finds it appropriate to consider the merits of Defendants' motion.

### b. The "Introduction" Section of the Complaint

Defendants first argue that the "Introduction" section of the complaint should be stricken because it is excess verbiage that is set out in allegations made later in enumerated allegations. They also argue that this material is "nothing more than immaterial, impertinent, and scandalous argument." (Doc. 12, at ¶ 3).

After reviewing the Introduction and the entire complaint in light of the applicable legal standards, the Court finds no basis on which to strike the Introduction. The Introduction simply provides a brief narrative overview of Plaintiff's factual allegations, and Defendants do not explain how it is immaterial, impertinent, scandalous, or argumentative. Defendants also do not articulate any way in which they would be prejudiced if the Introduction were kept in the Complaint. At most, the Introduction is redundant, because it includes some facts that are addressed later in enumerated paragraphs. However, the Court does not find that this redundancy alone warrants striking the Introduction in the absence of some prejudice to Defendants. *See* 5C Fed. Prac. & Proc. Civ. § 1382 (3d ed.). ("The mere presence of redundant matter . . . may not be a sufficient ground for granting a motion to strike when it does not affect the substance of the pleading."); *Brown*, 2012 WL 3578730, at *2 ("[E]ven where allegations are redundant or immaterial, they should be stricken only if prejudicial to the moving party.").

### c. Prayer for Prejudgment Interest

Defendants also argue that the sections of Plaintiff's prayer for relief seeking pre-judgment interest should be stricken as "immaterial" because Plaintiff has failed to set forth a proper basis for such relief under the applicable law. Specifically, Defendants point out that the Missouri statute allowing prejudgment interest in tort actions, Mo. Rev. Stat. § 408.040.2, provides that prejudgment interest shall be awarded if the claimant has made a demand for payment of a claim or an offer of settlement of a claim, the amount of the judgment or order exceeds that demand, and the demand meets certain procedural requirements (such as having been sent by certified mail, return receipt requested). Defendants argue that because Plaintiff did not plead facts showing that it complied with the requirements of this statute, Plaintiff's prayer for prejudgment interest should be stricken as to all four counts of the complaint.

The Court acknowledges that "a prayer for relief not available under the applicable law, or which asserts a damage claim in excess of the maximum recovery permitted by law, is properly subject to a motion to strike." *Spinks v. City of St. Louis Water Div.*, 176 F.R.D. 572, 574 (E.D. Mo. 1997) (striking a claim for punitive damages against a municipality because such damages were not permitted by law). However, Defendants do not argue that prejudgment interest is unavailable under the law applicable to Plaintiff's claims. Instead, they assert that the prayer for relief should be stricken because Plaintiff has failed to plead the specific facts that would establish that such interest is available under Section 408.040.2. The Court disagrees.

First, Section 408.040.2 applies only to tort claims, and Defendants offer no authority for striking the prayer for relief as it relates to Plaintiff's breach of contract claim. Indeed, the parties appear to agree that the breach of contract claim is governed by New York law pursuant to a choice of law provision in the contract, yet Defendants have cited no case law or statutes

addressing the availability of prejudgment interest under New York law. Thus, the motion to strike will be denied as it relates to the breach of contract claim.

Second, even as to the three claims that are arguably subject to Section 408.040.2,[1] Defendants cite no authority that supports striking a prayer for prejudgment interest based on a failure to plead the requirements of that statute. Significantly, both this court and the Missouri Supreme Court have held that Section 408.040.2 does not impose specific pleading requirements on plaintiffs. In *Gibson v. Musil*, this court held that prejudgment interest could be awarded under Section 408.040.2 even where the plaintiffs "did not plead facts relating to prejudgment interest in their Complaint" and included only a general prayer "for all other losses, damages, injuries, and relief allowable under the law and as the Court shall deem necessary and proper under the circumstances." 844 F.Supp. 1579, 1582 (W.D. Mo. 1994). Similarly, in *Call v. Heard*, the Missouri Supreme Court held that § 408.040 "contains no pleading requirement" and that a petition seeking damages and "such other and further relief as this court deems just and proper under the circumstances" provides a sufficient basis for an award of prejudgment interest. 925 S.W.2d 840, 854 (Mo. 1996).

Given the cases finding that prejudgment interest may be awarded even when facts related to prejudgment interest have not been pleaded, combined with the absence of authority supporting granting a motion to strike in circumstances like those here, the Court finds that Defendants' motion to strike the prayer for prejudgment interest should be denied.

---

[1] For purposes of this motion, the Court will assume, without deciding, that Missouri law applies to determine the availability of prejudgment interest related to the unjust enrichment, fraudulent inducement, and fraud claims.

For all of the above reasons,

**IT IS HEREBY ORDERED** that Defendants' Joint Motion to Strike Portions of Plaintiff's Complaint Pursuant to Rule 12(f)(2) (Doc. 12) is **DENIED**.

    /s/Shirley Padmore Mensah
    SHIRLEY PADMORE MENSAH
    UNITED STATES MAGISTRATE JUDGE

<u>Dated</u>: December 12, 2014.